Parker, C. J.,
delivered the opinion of the Court.
The only question in this case is, whether Gregory Cook a grandson of John C., the testator, to whom a parcel of land in Watertown was devised by the last will and testament of his grandfather, took, by virtue of said devise, an estate for life, or an estate in fee simple. If the former, then, hé being dead, the petitioners, as residuary devisees, or the representatives of such devisees, are entitled to have partition; the particular estate having ceased, and they being devisees of the remainder. If the latter, then Esther Holmes, one of the respondents, who was mother of the said Greg ory, is his lawful heir, he dying within age, unmarried, and without issue, and leaving no brothers nor sisters ; * the [ * 531 ] mother, in such case, being the next of kin, and entitled to the inheritance, according to our statutes regulating the descent of intestate estates.
The quality of the estate which Gregory C. took by the devise must be determined by the words of the will, taken together, and receiving a liberal construction, to effectuate the intention of the testator, as manifested in the will.
The words of the particular devise to Gregory, considered by themselves, certainly give no inheritance. He devises “ to his grandson Gregory C., only child of his son Daniel C., a certain piece of land in Watertown, containing,” &c., without any words indicating the duration of the estate he meant to bestow. And although, in popular understanding, the mere absence of words tending to limit the devise would be construed into a gift of the whole estate, yet, according to the rules of the law, there can be no doubt that such a devise, standing alone, without any aid in the construction from other parts of the will, would amount only to an estate for life in the devisee.
But it is too well established and known to require argument or authorities now to support the position, that devises and legacies in a will may receive a character, by construction and comparison with other legacies and devises in the same will, different from the literal and direct effect of the words made use of in such devise; (a) and this because the sole duty of the Court, in giving a construction, is to ascertain the real intent and meaning of the testator; which can better be gathered by adverting to the whole scope of the provisions *476 made by him for the objects of his bounty, than by confining their attention to one isolated paragraph, probably drawn up without a knowledge of technical words, or without recollecting the advantage of using them. We are, therefore, to look into the whole of this will, and draw from/ such p&rts of it as have a bearing upon the devise under consideration, what was probably the intent and design of the testator, as to the extent and duration of the estate which he had determined to bestow upon this particular grandson.
[ * 532 ] * If, in this inquiry, it should appear that, in other devises contained in the will, the testator manifestly intended estates in fee to the devisees, without using apt words for the purpose, it would be natural to suppose that such was his intention in other parts of the will, where the same ambiguity might exist. Now, in the devise, to his son Stephen, of one moiety of a tract of land in Neivton, and of a parcel of land whch he had before conveyed to him by deed of gift, and of which at his death he /.eld a mortgage from Stephen to secure certain stipulations which lie had entered into, it cannot be supposed that he intended only to pass an estate for life; yet there are no words of inheritance. But the law construes this to be a devise in fee simple because, the land being burdened with the payment of one half the income to the widow of the testator, and with the payment of the legacies, such must have been the intention of the testator. (b) The same observation will apply to the devise to Israel C., to whom the other moiety of the land in Newton is devised without any words of inheritance, but on condition of his paying one half of the legacies. Here two estates in fee are created by the will, clearly according to the intention of the testator; and yet he left that intention wholly unexpressed by any words made use of by him in the respective devises. It is hence probable that the testator did not know the use *477 of technical language ; and we cannot infer that he had an intention to give a life estate only to Gregory, merely because we find no estate whatever expressed.
But there are other passages in the will, which show a positive indication of the testator’s intention in the provisions he made. "It appears in the last clause in the will, that he had been desirous to make an equal distribution among his children and grandchildren, and that he had such equality particularly in view, when he made this will. It being clear that he designed to give to two of his sons estates in fee simple in the land devised to them, it certainly would not further his views to give a life estate only to Gregory, * who was the only child of his de- [ * 5 SB ] ceased son Isaac. For it does not appear that Isaac or his son had been advanced, or that the land devised to Gregory was superior in quantity or quality to that devised to the two uncles of Gregory. Should the devise to Gregory, therefore, be considered as only a life estate, the equality, which the testator had in view, would probably fail of being effected.
But it is probable that, if the testator had considered that the estate of Gregory would expire with his life, he would have made some disposition of the remainder in case of his death, other than that which is made in the residuary clause, which appears to have been inserted more in compliance with the ordinary forms, than from a view to any undevised estate then within his knowledge. The testator certainly did not contemplate the remainder of this estate, after the death of Gregory, as being the rest and residue of the estate, which he distributes amongst his children and grandchildren by name, giving to each one full share ; for he gives one full share of this residue to Gregory himself; and yet there is nothing to give until Gregory should be dead. This would be an absurdity, which ought not to be imputed to the testator.
From the whole tenor of the will it may fairly be inferred that the testator intended a fee in each of the estates which he devised; and that being his intention, the law will declare such to be the effect of the devise. The petitioners can therefore take nothing by their petition.

Petitioners nonsuit

 2 Powell by Jarman, p. 8. — Hawley vs. Northampton, 8 Mass. Rep. 3.

 Stevens vs. Winship, 1 Pick. 318. — Lithgow vs. Kavenagh, 9 Mass. Rep. 161. — Powell on Devises, by Jarman, vol. ii. p. 379, and cases there cited.— Farrar vs Ayres, 5 Pick. 404. — Bowers vs. Porter, 4 Pick. 198. It has been long established that a condition or direction imposed on a devisee enlarges a devise without words of limitation to an estate in fee simple. The ground upon which this rule of construction has been established, is that, unless the devisee were to take a fee, he might in the event be a loser by the devise, since he might die before he had reimbursed himself the amount of the charge; and it applies therefore to every case in which a loss is possible. But cases, in which the charge is imposed on the devisee, are carefully to be distinguished from those in which it is thrown upon the land simply; for in the latter case the testator’s expressions only require that the encumbrance should attach, in whatever hands the estate may fall, — no ground exists for enlarging the estate of any devisee. If, however, the sum be payable by the devisee, though charged on the lands, he takes a fee ; but not on the ground applicable to charges imposed simply on the devisee, that he might otherwise sustain a loss, — for if the payment be out or the land, he cannot possibly be damnified, — but because the devisor has imposed upor him a duty, the execution of which requires that he should take a fee.