Shaw C. J.
drew up the opinion of the Court.
The question here is, whether under the devise in the will of Matthew Bridge, the children of Nathan Bridge took an estate in fee, or an estate for life only.
Eminent judges have sometimes expressed their regret, that the law has not put the same construction upon devises as upon grants, and determined that where the words “ heirs and assigns,” or other known words of limitation have not been used, an estate for life only should pass. Had such been the rule, though, no doubt, the intentions of devisors would often have been frustrated, yet as the rule, from constant adjudication, would have become generally known and understood, it would probably have been in most cases complied with. But a different rule of construing wills and deeds has long been established, and we take the rule now to be well established, as well in equity as at law, that in a will, words of limitation are not necessary to create an estate in fee ; but that where the words of the devise, according to their natural and fair import, construed in connexion with all other parts of the will, manifestly show, that it was the intention of the testator to *32 give an estate in fee, and where the general purpose and the particular intent of the testator, as expressed or gathered by fair and plain implication from the will itself, cannot be carried into effect without such construction, whatever may be the words in which the devise is expressed, the law holds, that it passes an estate in fee. Thus where a testator gives his whole estate, interest or property, in such words as go not merely to describe the lands devised, but the extent of his interest in them ; or, where a devise is made on condition that the devisee pay a sum of money, or an annuity, or other charge, ■and where the devise might be onerous and not beneficial, un less the devisee should take the whole interest, or an estate in fee, or where the devise is of a remainder or reversion, subject to a prior life estate, under such circumstances, that without* taking a fee, the devise might not be beneficial; Nor ton v. Ladd, Lutw. 762 ; Bailis v. Gale, 2 Ves. sen. 4S j or where doubtful words in a devise are precedcu or ioilowed by a recital showing an intention of the testator to dispose of his whole estate ; or where there is no devise over, and where if the testator intends to limit an estate for life, he does it in other parts of his will by express words ; all these are considerations resorted to, in the construction of wills, for the purpose of coming to the legal conclusion, whether the testator did or did not intend to give an estate in fee, by the particular devise in question.
It is not enough that the Court may conjecture that the testator intended to pass a fee, and failed of doing so from ignorance of the rules of law or otherwise ; but it must appear sat isfactorily and affirmatively that such was his intention, from a construction of the will itself. But in putting such construction upon any particular clause, it is allowable to consider any other part of the will, to ascertain the testator’s intent.
In construing this devise, in conformity to these rules, we are clearly of opinion that the children of Nathan Bridge took an estate in fee in the demanded premises ; for although there are no words of limitation, we think it quite manifest, from the will, that such was the testator’s intent.
The principal ground of this decision is, that the testator has given this estate at a certain valuation, where the intent *33 can only be satisfied by construing it a fee. It is in this form - - “ To the children of my son Nathan Bridge, &c. the dwelnnghouse, with the land and other buildings, which premises I value at 8500 dollars, and which house, &c. shall remain for the occupancy and benefit of said Nathan Bridge, my son, during his natural life.” This is manifestly a devise to his son Nathan for life, remainder to his children ; whether for life or in fee, is the question.
By an after clause in the will, the testator manifests his determination to make an equal distribution of his property, substantially, among the four branches of his family, each son and daughter, with their children respectively, constituting one branch. For this purpose, each specific devise is valued, and certain advances made to some of them are to be charged, and the personal estate, and the proceeds of some real estate not specifically devised, but directed to be sold, are to be distributed in such proportions as to effect this equality, after deducting such advances, and the amount of such specific devises, a:cording to the valuation in his will.
It is unimportant, whether the distribution intended was equal or unequal, or whether the valuations in the will were correct or otherwise. The object to be sought is the intention of the testator. If from this intended proportionate distribution, and the valuation made with a view to it, it is necessarily to be inferred that the testator intended to give an estate in fee, in the lands specifically devised, and that the general purpose of his will, and the particular purpose of the specific devise, could not be accomplished without it, then we have a plain indication of his intent, which the law will carry into effect. It appears as well by the will itself as by the facts agreed, that the valuations affixed to these specific devises were made with a view to the entire value of the several parcels, as estates in fee simple. It so appears from the will, because when the testator had any other principle of valuation in his mind than that of a fee simple, in present possession, his valuation was varied accordingly. In devising a reversionary interest to Samuel, he values the whole estate at 8000 dollars, “but as he will not probably receive possession for several years, it is to be estimated in the division of my estate at *34 6000 dollars.” The implication is inevitable, that when the valuation of the whole estate devised, is the sum at which it P to be charged to the devisee in the division of the testator’s estate, the whole interest in the estate is given by such devise. It is regarded as equivalent to so much property actually delivered in cash or given in money in the same will, which it would be if a fee was intended, but which it would not be if a less estate was intended. By the general terms of this will, all the property given to each son or daughter and their chil dren, taken together, was to be estimated in the division among the four branches. For this purpose, the life estate to Nathan Bridge, together with a remainder to his children, being estimated and charged in the division at the value of the whole estate in fee, it follows conclusively, that it was the intent of the testator that such remainder to the children should be a remainder in fee. If this view of the apportionment and valuation be correct, the case is brought clearly within the authority of Cook v. Holmes, 11 Mass. R. 528, which was recognised in the late case of Farrar v. Ayres, 5 Pick. 404.
There are several other views of this will, which go strong ly to confirm the same conclusion.
When the testator intends to give an estate, other than an estate in fee, he does it by proper words. He gives an estate to his wife for life. He also gives to his son Samuel, a reversion, valuing it as an estate in fee subject to a previous life estate.
Another consideration is, that there is no devise over, which, by any reasonable construction, can extend to these specific devises. He gives the residue of his estate to be equally divided among his four children, consisting chiefly in stock, cash, merchandise, and a woodlot at Lexington, which he values at 1000 dollars. This enumeration raises a strong implication, that he did not contemplate any reversions in the estate specifically devised. But what is more material in this connexion, he directs that the woodlot at Lexington, or any other estate which he may not have disposed of, may be sold. Ii cannot be believed, that the testator intended to authorize the sale by his executors of a reversion expectant upon the termination of the life estate of his son, and the further life *35 estates of all the children of tnat son. If not, then the words, “ other estate not disposed of,” must be used in contradistinction to estate disposed of, thereby meaning all the property specifically devised. Had he said, in terms, “ having dis posed of all my estate in the lands, &c. above devised, 1 hereby direct, that the woodland at Lexington, and any other estate I may leave, may be sold,” it would have given effect to the words of the specific devises, and manifested a clear intent that they should pass a fee. If the words, by a fair and just interpretation, necessarily imply the same thing, there seems to be no good reason why they should not have the same legal operation.
Whether these considerations alone would be sufficient to supply the want of words of limitation, so as to warrant the conclusion, that an estate in fee was intended by these devises, we give no opinion ; they are adverted to for the purpose of showing the general object and purpose of the will, and as corroborating the inference of intention drawn from other parts of it. As the devise in question passed an estate in fee to the children of Nathan Bridge, the consequence is that the demandant, claiming under the residuary clause, is not entitled to recover.[1]

Demandant nonsuit.

 By Rev. Stat. c. 62, § 4, every devise of land, in any will thereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall appear clearly by the will, that he intended to convey a less estate. See Wait v. Belding, 24 Pick. 138; Bradford v. Perkins, 23 Pick. 183; Dewey v. Morgan, 18 Pick. 295; Godfrey v. Humphrey, 18 Pick. 537; Kellett v. Kellett, 3 Dow, 248; Doe v. Baines, 8 Crompt. Mees. & Roscoe, 197.