## BURGE *v.* SMITH.

By custom, in this State, a wife may bar her right of dower, by signing and sealing her husband's deed of his land.

WRIT OF DOWER. The parties agree that the plaintiff is entitled to dower in the premises described, as the widow of Luther Burge, now deceased, unless the court shall be of

opinion that she is barred by reason of her having set her hand and seal to a mortgage deed of the same premises, duly made and executed by her late husband, under which the tenant, Smith, holds the property, she having at the time she executed the said mortgage, no interest in the premises, except her right of dower. There was no mention of the said demandant, whatever, in the deed, except her signature.

*Farley*, for the demandant.

The plaintiff is not barred of her dower, because the deed to which her signature and seal are attached, contains no apt words of grant, showing an intention, on her part, to relinquish her dower, without which there can be no release of dower. The English rule, when the husband and wife joined in a fine or recovery to bar dower, required a declared intent of a similar import. 4 Kent's Com. 59, 60; *Fowler* v. *Shearer*, 7 Mass. Rep. 14; *Catlin* v. *Ware*, 9 Mass. Rep. 212; *Lithgow* v. *Cavanagh*, 9 Mass. Rep. 161; *Lufkin* v. *Curtis*, 13 Mass. Rep. 223; *Powell* v. *Monson*, 3 Mason 347.

*Atherton & Sawyer*, for the tenant.

The English common law method of releasing dower was by fine or recovery. 1 Hill's R. P. ch. 10.

At common law, a married woman could not release her dower by deed. *Ibid.*

Releasing dower by fine or recovery has never been adopted in this State. *Gordon* v. *Hayward*, 2 N. H. Rep. 405.

Various devices have been resorted to in England, chiefly by way of complicated limitations, to effect the release of dower, but they are not practised in the United States. 1 Hill's R. P. ch. 10.

It has been settled in this State, that a married woman may release her dower by deed. The general rule of law is, that her deed is void. Release of dower by deed is an ex-

ception to the general rule, founded on very satisfactory, reasons, and sanctioned by long usage in this State. *Shepard* v. *Howard*, 2 N. H. Rep. 508; *Crane* v. *Thurston*, 4 N. H. Rep. 422.

In Maine and Massachusetts, a married woman may release her dower by joining with her husband in his deed, and she is thereby estopped to claim dower. This exception to the general rule and departure from the English common law, is there said to have had its origin from the necessity of the case, and is an immemorial usage. *Fowler* v. *Shearer*, 7 Mass. Rep. 20.

This usage of releasing dower is termed New England common law by the celebrated Mr. Reed. *Ibid.*

At the time this deed was given, there was no mode prescribed by statute for a wife to release her dower.

Upon an examination made by the register of deeds for this county, it appears that in volume 1 of the records, containing deeds dated from 1764 to 1774, there are twenty-three deeds where no words are used by the wife; she signs and seals simply.

In volume 100, dates from 1804 to 1814, there are fifty-eight conveyances where the wife signs and seals, but there are no words used by the wife.

In volume 200, dates from 1822 to 1839, there are thirty-one conveyances where the wife used no words of release; she signs and seals only.

In volume 248, dates from 1847 to 1849, are twenty-three conveyances where the wife signs and seals without any words of release on her part.

These examinations show that it was the usage, in this State, for a wife to release her dower, by simply signing and sealing her husband's deed.

The various cases cited by the plaintiff are commented upon and doubted by *Woodbury*, J., in *Gordon* v. *Hayward*, 2 N. H. Rep. 403.

1st. Signing and sealing a deed like this is one mode of

relinquishing dower in this State, founded on immemorial usage and from the necessity of the case.

2d. By signing and sealing this deed the plaintiff adopted the words of her husband, and it being in form a warranty, she is estopped to claim her dower. *Gordon* v. *Hayward*, 2 N. H. Rep. 405; *Elliot* v. *Sleeper*, 2 N. H. Rep. 525.

The decisions in Massachusetts and Maine would support any other usage than the one mentioned by their cases, if found to exist.

In those States it is held that the deed of a married woman is *ipso facto* void at common law, but she may release her dower by deed, joining with her husband and using apt words; and this mode is an exception to the general rule, founded on an immemorial usage and from the necessity of the case. *Fowler* v. *Shearer*, as above.

The usage is in Massachusetts that she may release her dower by deed, using *apt words* therein.

In New Hampshire a different mode exists; the mere signing and sealing, using no apt words of release, has been as common, and the practice dates back to our first records; and this mode is practised more or less to the present day.

To hold, then, that this plaintiff should have used apt words of release in this deed, to estop her claim to dower, will be, in effect, to disturb a vast number of conveyances made in the same way, and many of recent date.

In Ohio, if a married woman joins with her husband in a deed, duly acknowledged, conveying his land, although she does not join him in the covenants, nor, in words, release her dower, she is thereby barred of her right of dower. *Smith* v. *Handy*, 16 Ohio Rep. 191.

It is for the jury to decide whether, from the circumstances of the case, the widow intended to waive her right of dower. *Deshler* v. *Berry*, 4 Dall. 300.

By fine or recovery the material thing was the assent of the wife; and hence the practice, in many of the States at

the present day, to examine the wife apart from her husband, as to her assent.

By joining with her husband in this deed, signing and sealing, the plaintiff showed her assent to the conveyance, and is estopped to claim dower. *Elliot* v. *Sleeper*, 2 N. H. Rep. 525.

The case finds, at the time of the execution of this deed, the plaintiff had no interest in said premises, except her right of dower; why did she sign and seal the deed?

Where, in a deed of conveyance, one signs and seals and delivers the deed, who is not named as grantor, he is still bound as a grantor by those acts. *Elliot* v. *Sleeper*, 2 N. H. Rep. 525.

BELL, J. By an ordinance passed by the colonial government of Massachusetts, in 1641, while the province of New Hampshire was subject to that government, entitled " An act respecting dower, &c. It is ordered by this court and the authority thereof, that every married woman * * * * shall, immediately after the death of her husband, have right and interest, by way of dowry, in and to one-third part of all such houses, lands, &c., as her husband was seized of to his own use * * * * at any time during the marriage * * * * for her natural life * * * * free * * * * of all titles * * * * made * * * * by her husband * * * * otherwise than by some act or consent of such wife, signified by writing under her hand, and acknowledged before some magistrate * * * * which shall bar her from any right, or interest in such estate." An. Char. of Mass. 99.

This state of the law here was distinctly recognized by the provincial statute of 13 William III, 1701, (Prov. Stat. of N. H. 1771, p. 20,) " for recording deeds," &c., where it is enacted that all deeds of houses or lands * * * * signed, sealed * * * * acknowledged * * * * and recorded * * * * * shall be valid to pass the same without any other act or ceremony in law whatsoever. Provided nothing in this act be

construed, deemed or extended to bar any widow of any vender or mortgager of lands or tenements from her dowry, or right in or to such lands or tenements, who did not legally join with her husband in such sale or mortgage, or otherwise lawfully bar or exclude herself from such her dowry or right."

The first of these enactments is, without doubt, the foundation of the custom which has long had the force of law in the New England States, that a wife, by joining with her husband in his deed of his land, may bar herself of her right of dower in the premises conveyed. In Massachusetts and in Maine, then a part of that province, their courts pretty early consisted, in part at least, of men educated as lawyers, and the usage there was restricted so that the wife must join her husband in his conveyance, using apt words to indicate her intention to release her dower. And it has been long the settled law of those States that the signature and seal of the wife, affixed to the husband's deed, will not operate to release her dower, unless there are words in the instrument showing her intention to make such release. *Fowler* v. *Shearer*, 7 Mass. Rep. 21; *Lithgow* v. *Cavanagh*, 9 Mass. Rep. 161; *Payne* v. *Parker*, 1 Fairf. 178; *Lufkin* v. *Curtis*, 13 Mass. Rep. 223; *Leavitt* v. *Lamprey*, 13 Pick. 382; *Stevens* v. *Owens*, 12 Shep. 94.

But even in those States, proper words of grant are not required, since it has been often held that the clause, " In witness whereof, the said (grantor and his wife) in testimony of her release of dower in said premises have set our hands and seals," is sufficient to bar the wife of her dower. *Stearns* v. *Swift*, 8 Pick. 532; *Frost* v. *Dearing*, 8 Shep. 156; *Learned* v. *Cutter*, 18 Pick. 19; *Usher* v. *Richardson*, 16 Shep. 415.

In New Hampshire it was much later before the courts were either composed of educated lawyers, or were materially aided by an educated bar, and it is probably owing to this circumstance that the custom became established here,

that the wife may release her dower by her signature and seal at the foot of her husband's deed, without her name being in any other way mentioned or alluded to in the instrument. Such is found, by an examination of the records of deeds, to be a very common mode of conveyance among the unprofessional magistrates, by whom a large part of the conveyances are made in this State.

Such was the understanding of Mr. Mason, for a long period one of the most eminent lawyers and most sagacious and observing men who have adorned the bar of this State, as expressed by him in the case of *Melvin* v. *Locks and Canals*, 16 Pick. 139.

And the fact is further shown by the circumstance, that though the reports of this court extend back for a period of thirty-five years, no case is to be found in them where a widow has insisted upon her dower in land, where she has thus signed her husband's deed, so as to bring the question before the court for judicial decision.

It has been with much reluctance that the court have admitted the existence of a custom so anomalous as we regard this to be; but the evidence laid before us from the public records, to which reference is made in the argument of the defendant's counsel, has been entirely conclusive upon our minds; no less than one hundred and thirty deeds thus executed being found in four volumes in the Hillsborough registry.

To disturb a custom so long prevalent and so general as this appears to be, whatever doubts we may have of its reasonableness or propriety, would unavoidably unsettle the titles of great numbers of persons, and must be attended with great injustice to those holders of real estate who have paid the full price of unincumbered property, and who regard themselves, and are generally considered as perfectly secure from any claim of dower.

If evil is supposed to arise from the practice, it is for the Legislature to provide a remedy, which shall look to the

future without disturbing the past. We are not aware of any considerable practical inconvenience which has resulted from this local usage, beyond the liability to mistake, along the borders of the neighboring States, where a different rule prevails.

In Ohio, it seems, a similar state of the law has been recognized and sustained by the supreme court of that State. *Smith* v. *Hardy*, 16 Ohio Rep. 181 ; (U. S. Dig. 1848, 112; *Foster* v. *Denison*, 9 Ham. 121, (5 U. S. Dig. 129.)

This court have decided in the case of *Flagg* v. *Bean*, 5 Foster's Rep. 49, that the signature and seal of the wife to the husband's deed of her inheritance, will not pass her estate without apt words to convey her title, and it may be reasonably inferred that the custom recognized in this case will not be made the occasion of introducing or countenancing any loose practice in other cases.

The instruments on which the tenant relies being executed according to the custom referred to, must be regarded as an effectual bar to the action, and there must, consequently, be

*Judgment for the tenant.*