LUCRETIA E. JEWETT & another *vs.* JOSEPH DAVIS & others.

Under *St.* 1845, *c.* 208, a married woman to whom real estate had been conveyed, without words expressing that it was to be held by her to her sole and separate use, could not make a valid conveyance thereof without her husband's joining as a grantor; and a deed not so executed cannot be reformed in equity.

If the owner of the equity of redemption of mortgaged real estate pays the amount secured by the mortgage to the mortgagee, and fraudulently induces the latter to assign the mortgage to a third person instead of discharging it, neither the mortgagee nor one to whom he had agreed to assign the mortgage can maintain a bill in equity to set aside the assignment.

BILL IN EQUITY by Lucretia E. Jewett and Sarah Eaton against Joseph Davis, Pamela E. Davis, Joseph B. Prince and George S. Cushing, to set aside an assignment of a mortgage of land, on the ground that one of the plaintiffs was fraudulently induced to assign instead of discharging it.

At the hearing, before *Gray*, J., it appeared that on the 11th of February 1856, William Fletcher conveyed the premises to Pamela E. Davis, wife of Joseph Davis, without any words showing that the same were to be held by her to her sole and separate use; and on the same day she and her husband executed to Fletcher, in due form, a mortgage thereof to secure the sum of $1200, as part of the consideration money, the rest being paid by Joseph Davis. On the 16th day of June 1858, possession was taken of the premises for the purpose of foreclosure for breach of condition of this mortgage, and on the 17th of April 1860 the mortgage was assigned to Mrs. Sarah Eaton, to hold the same to her sole and separate use, who held the same under an oral agreement to assign it to Lucretia E. Jewett, who furnished the money, borrowing a part of it for this purpose from Mrs. Eaton.

On the 16th of July 1857 a second mortgage of the premises was executed to Charles W. Jewett, which commenced thus: " Know all men by these presents that I, Pamela E. Davis, wife of Joseph Davis, of Charlestown, in the county of Middlesex, trader, in my own right, with the consent and approval of my said husband, testified by his being party hereto." The mortgage contained covenants by Mrs. Davis alone, with no further reference to her husband until the conclusion, which was as follows: " In witness whereof I, the said Pamela E. Davis, and I, Joseph Davis, husband of the said Pamela, have hereunto set our hands and seals," &c. This instrument was signed, sealed and acknowledged by both Mr. and Mrs. Davis, and on the 19th of March 1860 was assigned to Lucretia E. Jewett, to hold the same to her sole and separate use. All of the above instruments were duly recorded.

On the 15th of June 1861, the day before the foreclosure of the first mortgage was to become absolute, the defendants,

Joseph Davis, Prince and Cushing, knowing of the second mortgage, and intending to bar the claims of all parties under it, induced Mrs. Eaton to accept the amount due thereon, and with her husband to execute an assignment thereof to said Cushing, by fraudulent representations that this assignment was only a discharge, and would not affect the second mortgage, and that they would lose both the money and the land unless they signed the assignment on that day. Within three days afterwards Mrs. Eaton discovered the fraud, and she and Mrs. Jewett tendered to Cushing the money which Mrs. Eaton had received, and requested him to reassign or discharge the mortgage; but he refused to do either. Mrs. Eaton and her husband thereupon executed an assignment of the mortgage to Mrs. Jewett.

The defendants, amongst other objections to the plaintiffs' recovery, contended that the second mortgage was void, because Joseph Davis did not join therein in the form required by law. The plaintiffs, not admitting this, asked that the mortgage should be reformed in this respect, if necessary; and it was agreed that this might be done, provided the court would so order, either upon an amendment of the present bill or upon a separate suit.

The case was reserved for the determination of the whole court.

*I. W. Richardson & H. Gleason*, for the plaintiffs.

*J. Q. A. Griffin & E. Pearson*, for the defendants.

DEWEY, J. The position taken by the defendants that the second mortgage was void is well maintained. The premises thus conveyed in mortgage were held by Pamela E. Davis, by a conveyance made to her on the 11th of February 1856. This deed did not purport to convey the estate, to be held to her sole and separate use. The *St.* of 1845, *c.* 208, did not enable a married woman, without joining her husband as a grantor, to make a valid deed of land held by her under such a form of conveyance. *Gerrish* v. *Mason*, 4 Gray, 432. By the well settled principles of the common law, as long held and practised upon in this commonwealth, and subsequently confirmed by Rev. Sts. *c.* 59, § 2, a *feme covert* who owns the fee of land can convey the

same only by a deed executed by herself and her husband, and when both are parties to the effective and operative part of the instrument of conveyance. *Lithgow* v. *Kavenagh*, 9 Mass. 161. *Bruce* v. *Wood*, 1 Met. 542. *Concord Bank* v. *Bellis*, 10 Cush. 276.

There is nothing in this case to impress upon the premises conveyed to the wife the character of a separate estate granted to her sole use. The case of *Whitten* v. *Whitten*, 3 Cush. 191, relied on as authority for the plaintiffs, presented a different question, and furnishes no sufficient precedent to govern the present case.

The further question is, whether the deed thus executed by the wife alone as the granting party can be reformed, and a new conveyance can properly be ordered by this court, in which the husband shall be described as a grantor as well as the wife, and whether such reformed deed shall operate retrospectively to charge the defendants in this case.

It was agreed by the parties at the trial that if the court could properly by an amendment of this bill, or by a distinct suit, so reform this deed, it might be considered as so done in the present case. It also appears from the evidence that it was the purpose in making the second mortgage to give a valid conveyance of the premises to the mortgagee to secure the payment of a promissory note for $1200, signed by both the wife and the husband.

The nature of the proposed alteration, and the effect to be given to it, forbid the reforming of the conveyance in the manner asked.

As already stated, this estate was so held by the wife as to render void any conveyance thereof in mortgage except by a deed executed by her jointly with her husband. Such estates have ever been held to be of such character as to forbid that any effect should be given to her sole deed, as well as also to preclude any exercise of authority by the court in equity to reform her conveyance, or give effect to any agreement to convey, when the instrument executed by her was insufficient in law to pass her title. There seems to be on this point a strong current

of authority. Thus in 2 Kent Com. (6th ed.) 167, *note*, it is said that " an agreement by a *feme covert* with the assent of her husband for a sale of her real estate is absolutely void at law, and the courts of equity never enforce such a contract against her." 2 Story on Eq. §§ 1388–1391, is to the like effect; as are also the cases of *Watrous* v. *Chalker*, 7 Conn. 225; *Dickinson* v. *Glenney*, 27 Conn. 104; *Lane* v. *McKeen*, 15 Maine, 304; and *Purcell* v. *Goshorn*, 17 Ohio, 105, where the question of reforming an invalid deed of a married woman was fully and directly considered.

In reference to the separate property of the wife which is held exclusively to her own use, and which she may by virtue of our recent statutes convey by her own deed, with the written assent of her husband, a different rule would apply, and she may be required specifically to perform her contract, as was held in *Baker* v. *Hathaway*, 5 Allen, 103.

The mortgage deed to Charles W. Jewett, by virtue of which Lucretia E. Jewett claims an interest in the premises, being thus found invalid and of no effect, the plaintiffs must fail in sustaining their bill, if the existence of such second mortgage shall be found to be a material part of their case.

But it is said, in their behalf, that their right to maintain this bill does not depend upon the validity of the second mortgage. In the opinion of the court this position of the plaintiffs is not tenable. Mrs. Jewett, one of the plaintiffs, connects herself with the legal title solely as assignee of the second mortgage. Mrs. Eaton has received the whole amount due to her, and for which she held the assignment of the first mortgage as security. Mrs. Eaton has been in no way damnified.

The further inquiry is, whether the facts present a case entitling Mrs. Jewett to prosecute this bill in the name of Mrs. Eaton and herself for her own benefit, Mrs. Eaton having the legal title in the first mortgage, but holding it, as is alleged, in trust for Mrs. Jewett, subject to Mrs. Eaton's prior claim of $400. Suppose the defendants had only done what Joseph Davis and his wife had a legal right to do, namely, tendered payment in full of the first mortgage, and thus entitled

themselves to have that mortgage discharged, Mrs. Jewett's situation would have been the same as it now is, so far as regards any security by force of the second mortgage. Suppose further that Mrs. Eaton had assigned to Mrs. Jewett the first mortgage, the effect would only have been to make her assignee of that mortgage, and the payment or tender of payment by Mr. and Mrs. Davis would have operated to discharge all her lien upon the premises.

It is true that such payment and discharge of the first mortgage would have left a valid title in Mrs. Davis. But that would not benefit Mrs. Jewett, or render the second mortgage available to her. Mrs. Jewett could only have been benefited by the mortgagors voluntarily permitting Mrs. Eaton to foreclose the first mortgage. This Mrs. Eaton could not require, and Mrs. Jewett, for whom it is alleged that she held the assignment of the first mortgage in trust, could not complain of the defendants for not allowing that mortgage to remain unpaid. Had Mrs. Jewett held a valid second mortgage of the premises, it would have been very material to her that the mortgagor in the first mortgage should be strictly confined to his legal rights to payment and discharge of the same, as thereby her second mortgage would at once attach, and she would have become entitled to the benefits of an unincumbered mortgage. The procuring of an assignment of the first mortgage by means of fraudulent representations that it was merely an instrument acknowledging a payment would have operated injuriously to her rights as second mortgagee. But if Mrs. Jewett holds no valid second mortgage, she cannot set up any fraud practised upon Mrs. Eaton of the character alleged, as affecting her rights as second mortgagee. All her legal rights as to the first mortgage, assuming that Mrs. Eaton held it in trust for her, have been fully enjoyed, and she and Mrs. Eaton have received the full sum secured by it. All the difference between the taking of the money by Mrs. Eaton as a payment of the mortgage, or the making of an assignment of the mortgage, as was done, was to place the legal title of the estate in the hands of Cushing instead of Mrs. Davis. But in neither case would Mrs.

Jewett have been able to set up any title or estate in the premises.

It seems, therefore, that the validity of the alleged second mortgage is essential to the maintenance of this bill.

It becomes unnecessary to consider many other questions that were raised at the argument of this case, as this objection is fatal to the bill. *Bill dismissed.*